UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                                    ORDER

ANTONIO SANTIAGO,                              19-CR-375 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Antonio Santiago's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 269), and the Government's opposition thereto, (Doc. 271).[1]

       On January 21, 2020, Defendant was sentenced principally to 30 months' imprisonment on his conviction for conspiracy to sell stolen vehicles. (Doc. 203.) The sentence recommended under the Sentencing Guidelines was 60 months. (Doc. 191 at 21.) He surrendered on March 9, 2020, (Doc. 271 at 2), and has thus served approximately 5 of those 30 months.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

---

[1] When able to do so, the Government is directed to send to chambers for filing under seal hard copies of the sealed exhibits to its opposition.

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from health conditions – including asthma and obesity – that put him at increased risk for severe disease should he contract COVID-19.  Presumably he means to contend that he fits the fourth category.  The Government concedes that Defendant's obesity, combined with the COVID-19 pandemic, amounts to an extraordinary and compelling reason.  The Court agrees, particularly because FCI Miami, where Defendant is housed, has 95 positive inmates.  It notes, however, that Defendant's body mass index ("BMI") is 34%, which is not all that much over the 30% risk factor identified by the Centers for Disease Control, and that according to his medical records, he has lost 9 pounds between March 26 and June 15.  If he keeps up that good trend, he may be able to significantly reduce his risk.

I must next consider the § 3553(a) factors.  Defendant's offense was serious: he was the source of more than half a million dollars' worth of stolen luxury cars, and he employed sophisticated means to avoid detection.  The instant case was Defendant's fourth criminal conviction and second felony.  A prior sentence of four years' imprisonment, for possession of cocaine with intent to distribute, did not deter him.  Releasing defendant after he has served less than 16% of his sentence – a sentence that already was half of what the Guidelines recommended – would undermine several of the purposes of sentencing.  It would not be just punishment and would introduce unwarranted sentencing disparities.  It would not give sufficient weight to Defendant's criminal history or his disrespect for the law.  It would defeat the deterrent effect of the sentence.  In short, even in light of the real risks from the COVID-19 pandemic, five months

is simply insufficient in light of the offense, Defendant's history and the other § 3553(a) factors.

Accordingly, the motion is denied..

Dated: August 3, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.